**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **JAMES JONES** § | |
| *Plaintiff,* § | |
| § | |
| v. § | Civil Action No. 3:23-cv-776 |
| § | |
| **HOME DEPOT U.S.A., INC.,** § | |
| *Defendant* § | |
| § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

JAMES JONES, Plaintiff, through counsel and for cause of action complains of Defendant, HOME DEPOT U.S.A., INC. ("Home Depot") and would respectfully show this Honorable Court as follows:

### I.
### PARTIES AND SERVICE OF PROCESS

1. James Jones is an individual who resides in Dallas County, Texas.

2. Defendant Home Depot U.S.A., Inc., is a corporation whose principal place of business is in the state of Georgia and is duly authorized to conduct business in Texas and may be served by serving its attorneys of record, Chad Farrar, Brett Stecklein, and Katie Harrison, Mullin Hoard & Brown, L.L.P., 2515 McKinney Avenue, Suite 900, Dallas, Texas 77042.

### III.
### JURISDICTION AND VENUE

3. This Federal Court has jurisdiction over the subject matter of this matter as a result of diversity of citizenship of the parties. *See* 28 U.S.C. 1332(a)(1). The amount in controversy is

within the minimum jurisdictional limits of this Court and exceeds $75,000.00. Venue is proper in the Northern District because that is where the event forming the basis of this lawsuit occurred.

## IV.
## FACTUAL BACKGROUND

4. Plaintiff, James Jones was an employee of Home Depot U.S.A. Inc. (hereinafter called "Home Depot") since 2005

5. Mr. Jones was employed at Home Depot located at 18855 Lyndon B. Johnson Freeway in Dallas, Texas. Defendant did not carry workers compensation insurance at that time and as such, this is a non-subscriber case.

6. On September 18, 2021, Mr. Jones was injured while operating a small CAT forklift to remove 20-foot lumber from the highest cantilever rack of the warehouse for a Home Depot customer.

7. Mr. Jones was a garden department associate at all relevant times and was certified to use the forklift, however, due to inadequate staffing, his assistance was requested in the lumber department by manager-on-duty Sylvester Thomas, who worked with the other employee, Allan Zains and negligently acted as "spotter."

8. In the instant matter, due to improper maintenance, Mr. Jones' had to use a light to medium duty CAT forklift to take the longest boards of lumber available down from top cantilever rack shelf when the boards and plastic they were bundled with caused the forklift to shift. Since the lumber was mis-bundled a manner that caused the load to shift and crash the forklift, Mr. Jones' hand and fingers were crushed. The bundle of lumber in question contained mixed SKUs i.e. different products that were not neatly stacked as required by Home Depot lumber merchandising standards. This was the first time that Mr. Jones had been tasked with removing 20-foot lumber with mixed SKUS from the top rack.

9. At the time, Mr. Jones was not aware that 20-foot lumber had been double-stacked and had been combined with a different shipment of boards i.e. mixed SKUs by a night shift employee, and Home Depot disregarded common sense by stacking the largest and heaviest pieces of wood near the top of the racks instead of the bottom shelves or in the back of the warehouse where it would have been safer to remove with a forklift.

10. As a result of this incident, Mr. Jones had emergency hand surgery followed by subsequent hand repair surgery and has metal rods placed through his fingers.

11. Mr. Jones's injuries have required extensive medical intervention, and he has permanent impairment and disfigurement from his injuries.

12. Mr. Jones has incurred substantial medical expenses in the past and it is anticipated that he will incur future medical expenses as well because of his injuries.

13. Mr. Jones' injuries include extreme physical pain and suffering, and tremendous mental and emotional anguish, all of which will continue well into the future, if not for the remainder of Plaintiff's life.

## V.
## CAUSES OF ACTION

### A. *Negligence of Defendant Home Depot*

14. In Texas, an employer owes its employees the following non-delegable duties:

   a. The duty to provide rules and regulations for the safety of employees, and to warn them, under certain conditions, as to the hazards of the positions or employment;

   b. The duty to furnish reasonable safe instrumentalities with which its servants are to work;

   c. The duty to furnish its servants with a reasonably safe place to work;

   d. The duty to exercise ordinary care to select careful and competent fellow servants or co-employees.

15. Defendant Home Depot, through its agents, servants, and/or employees breached these duties by:

   a. Hiring inadequate staff in the lumber department who were forklift certified and hiring careless and/or incompetent employee(s) such as Allan Zains who directed Plaintiff to remove improperly bundled lumber without warning Mr. Jones or making sure the wood was stacked properly before it was taken down so the forklift could be used safely.

   b. Failing to warn Mr. Jones that Home Depot had bundled 20-foot boards in question with other shipments or SKUs and implemented poor safety measures regarding merchandizing, stacking, bundling, and removing the lumber in question from cantilever racks;

   c. Failing to provide proper work equipment, i.e., heavy-duty forklifts, radio and headphones, bundling materials, gloves, forklift anchors, and the like to properly remove the load from the shelf; and/or

   d. Failing to provide a reasonably safe work environment, including adequate spacing in the lumber aisles to operate a forklift safely, spotters who were visible to the forklift operating and that could be heard, and a warehouse that had uniformly stacked lumber according to Home Depot merchandizing standards.

## VI.
## DAMAGES TO PLAINTIFF

16. As a direct and proximate cause of the negligence and gross negligence described herein, Plaintiff has incurred the following actual damages:

   a. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

   b. Physical pain and suffering in the past and future;

   c. Mental anguish in the past and future;

   d. Physical impairment in the past and future;

   e. Disfigurement in the past and future;

   f. Loss of wages in the past and earning capacity in the future;

   g. Loss of household services in the past and future;

18. As a result of the negligent conduct set forth above, Plaintiff is entitled to recover noneconomic damages, in addition to his actual damages.

## VII.
## PLAINTIFF'S DAMAGES

19. Plaintiff refers to all the preceding and subsequent pleadings in this petition and incorporates them herein by this reference for all purposes.

20. Plaintiff alleges that the damages sought by Plaintiff are within the jurisdictional limits of the Court and Plaintiff seeks monetary relief over $250,000.00.

21. Plaintiff further alleges that any award for damages is ultimately left to the purview of the jury. Therefore, Plaintiff seeks judgment for all other relief to which Plaintiff may be entitled.

22. As a direct and proximate result of the wrongful conduct of Defendant, as alleged herein, Plaintiff has sustained medical injuries, including past and future pain and suffering, past and future lost wages, and economic damages.

## VIII.
## PROXIMATE CAUSE

23. The accident and the ensuing damages and personal injuries sustained by the Plaintiff were proximately caused by various acts, wrongs, and/or omissions on the part of the Defendant and each and all of said acts, wrongs, and/or omissions amounted to negligence on the part of the above-named Defendant.

## IX.
## DOCUMENTS TO BE USED

24. Plaintiff intends to use all documents exchanged and/or produced between, by, or among any parties in this matter, including but not limited to, correspondence, discovery responses, and records (obtained via depositions upon written questions, by subpoena, by affidavit,

or otherwise), during the trial of the above-entitled and numbered cause. Moreover, Defendant is put on notice not to destroy any evidence, including, but not limited to reports, files, inter-office emails, intra-office emails, e-mails or text messages from the store or from the corporate office or from any Home Depot employee who was involved, and/or any communication whatsoever related this incident.

## X.
## PRAYER

25. **WHEREFORE PREMISES CONSIDERED**, Plaintiff requests that the Defendant be cited to appear and answer, and upon final trial that said Defendant be found liable for the following damages and that judgment be entered in the Plaintiff's favor awarding the following:

   a. Actual damages in an amount within the jurisdictional limits of the Court;
   b. Pre-judgment and post-judgment interest at the maximum rate allowed by law;
   c. Costs of court;
   d. For past and future disfigurement;
   e. For past, present and future physical pain and suffering and mental anguish;
   f. Loss of earnings in the past and lost earnings in the future;
   g. Loss of household services in the past and future;
   h. Loss of actual compensatory damages;
   i. Physical impairment in the past and physical impairment in the future;
   j. Such other and future relief to which the Plaintiff may be entitled.

Respectfully submitted,

**The Galliani Firm**

By: <u>*/s/ Carlos Galliani*</u>
Carlos G. Galliani
carlos@gallianifirm.com
Texas Bar No. 24069752
2608 Hibernia Street
Dallas, Texas 75204
Tel. (214) 301-3400
Fax. (682) 564-1099
E-serve: legal@gallianifirm.com
**Counsel for Plaintiff**

## CERTIFICATE OF SERVICE

On the 25th day of March, 2024, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using CM/ECF. I hereby certify that I have served all counsel of record via ECF and email or by another manner authorized by Federal Rule of Civil Procedure 5 (b) (2).

<u>**VIA EMAIL**</u>
Mullin Hoard & Brown, L.L.P.
2515 McKinney Avenue, Suite 900
Dallas, Texas 77042

<u>*/s/ Carlos Galliani*</u>
**CARLOS GALLIANI**